UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANIAH GILBERT,

                Plaintiff,                    Case No. 2:25-cv-13464

v.                                   Honorable Susan K. DeClercq
                                   United States District Judge
HENRY FORD HOSPITAL, et al.,

                Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINITFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 5) AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT (ECF No. 1)**

On October 27, 2025, Janiah Gilbert filed a complaint against Henry Ford Hospital and four of its employees. ECF No. 1. One week later, she filed an application to proceed *in forma pauperis*, averring she makes $452.00 biweekly. ECF No. 5 at PageID.13. Satisfied that Gilbert is unable to pay the filing fees and costs, her application will be granted. However, as explained below, her complaint will be dismissed without prejudice because this Court lacks subject-matter jurisdiction.

**I. BACKGROUND**

As best this Court can gather from her complaint, Gilbert alleges that on May

12, 2025, she gave birth to babies[1] at Henry Ford Hospital. ECF No. 1 at PageID.5. She alleges that while she was in labor, hospital staff gave her too many epidurals, and that "the nurse who was supposed to deliver [her] babies … wasn't there to help deliver [her] babies." *Id.* According to Gilbert, after giving birth, she asked for her placenta, but a nurse "gave [her] a contract to sign and a week after the contract was in breach, [Defendants] involuntarily confined [her] for 12 days." *Id.*

Gilbert then began to experience back pain, and she requested that her placenta be tested. *Id.* When Gilbert made this request, a physician's assistant allegedly "aggressively" told Gilbert "YOU DON'T HAVE ANYMORE KIDS." *Id.* Defendants then allegedly sent Gilbert to a mental hospital and "gave [her] trinkets" that say things such as "here for a moment, loved for a lifetime," and "I have footprints on my heart," which caused her "mental distress. *Id.* Gilbert alleges that Defendants "medically kidnapped" her babies and caused her severe back pain. *Id.* at PageID.6. She seeks "990 billion dollars" in compensatory damages and further notes that she is "looking to have everyone involved in prison for a long time." *Id.*

## II. LEGAL STANDARD

Because Gilbert proceeds *in forma pauperis*, her claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v.*

---

[1] Throughout her complaint, Gilbert refers to more than one baby, but it is not clear how many babies she birthed that day.

*Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by*

*Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-

prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any

claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." § 1915(e)(2)(B).

In addition to the § 1915(e)(2) screening process, district courts "must

dismiss" any action over which it lacks subject-matter jurisdiction. FED. R. CIV. P.

12(h)(3); *see also Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 4007609, at *2 (S.D.

Ohio Sept. 2, 2022) (noting that although 28 U.S.C. § 1915(e)(2) "does not expressly

include reference to screening for subject matter jurisdiction," its exclusion from §

1915(e)(2) is "largely irrelevant as a practical matter because federal courts have an

ongoing duty to consider their subject matter jurisdiction and may raise the issue *sua*

*sponte*." (cleaned up)).

Notably, when a plaintiff proceeds *pro se*, his or her pleadings are held to "less

stringent standards than formal pleadings drafted by lawyers" and are liberally

construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*,

429 U.S. 97, 106 (1976)). However, there are limits to this lenient treatment, and

"'courts should not have to guess at the nature of the claim asserted.'" *Frengler v.*

*Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

In her complaint, Gilbert does not assert a basis for this Court to exercise subject-matter jurisdiction over her allegations. *See* ECF No. 1 at PageID.3. Indeed, the form Gilbert used prompted her to answer the question "What is the basis for federal court jurisdiction?" and provided two boxes she could check: federal question or diversity of citizenship. *Id.* Yet Gilbert did not check either box. *Id.* But because *pro se* pleadings are held to less stringent standards, this Court will examine the substance of Gilbert's complaint to determine whether federal question or diversity jurisdiction exists such that this Court may exercise subject-matter jurisdiction. *See Erickson*, 551 U.S. at 94.

Gilbert cites no federal statute, treatise, or provision of the U.S. Constitution upon which her claims are based. *See id.* at PageID.4. Indeed, liberally construing the substance of Gilbert's complaint, it appears she is alleging some kind of medical malpractice or breach of contract claim against Defendants, both of which are unquestionably a state-law claims. *See generally id.* at PageID.5–6; *see also Hinkle v. OSU Hosp.*, No. 1:24-CV-1649, 2024 WL 4856557, at *3 (N.D. Ohio Nov. 21, 2024) ("Medical malpractice claims are governed by state tort law, so they do not raise a federal question."); *Amtrust Ins. Co. of Kan., Inc. v. Best Glob. Express, Inc.*,

No. 21-12164, 2022 WL 501404, at *1 (E.D. Mich. Feb. 18, 2022) (noting that contract claims are governed by state law). And, to the extent it appears Gilbert is intending to initiate some sort of criminal prosecution against Defendants, plaintiffs may not "utilize [a] civil lawsuit as a vehicle to initiate any federal or Michigan state criminal charges." *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *13 (W.D. Mich. Feb. 18, 2010) (collecting cases). At bottom, there is no federal-question jurisdiction. *See* 28 U.S.C. § 1331.

And even construing Gilbert's complaint as bringing state-law medical malpractice or contract claims, it does not appear there is diversity jurisdiction, either. *See* 28 U.S.C. § 1332 (requiring complete diversity among the parties and an amount in controversy exceeding $75,000 for the district court to hear a case under diversity jurisdiction). Indeed, Gilbert alleges that all Defendants are Michigan citizens or entities. *See* ECF No. 1 at PageID.2–4. So, there is no diversity jurisdiction, either.

In sum, because it is evident from the face of the complaint that this court lacks jurisdiction, Gilbert's complaint, ECF No. 1, will be dismissed without prejudice for lack of subject-matter jurisdiction under Civil Rule 12(h)(3). *See Ormsby v. Duran*, No. 1:23-cv-12601, 2023 WL 9229134, at *4 (E.D. Mich. Oct. 31, 2023), *report and recommendation adopted*, No. 1:23-cv-12601, 2023 WL 9229127 (E.D. Mich. Dec. 5, 2023) (dismissing complaint *sua sponte* where the

plaintiff's complaint neither established federal question jurisdiction nor diversity jurisdiction); *see also El Tribe v. Mich. Recon, Inc.*, No. 14-13754, 2014 WL 5667293, at *3 (E.D. Mich. Nov. 3, 2014) (explaining "[a] lack of subject matter jurisdiction can and should be raised by a court *sua sponte*" and warrants dismissal).

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 5, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 6, 2025