UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANIAH GILBERT,

        Plaintiff,                                Case No. 2:25-cv-13464

v.                                               Honorable Susan K. DeClercq
                                                        United States District Judge

HENRY FORD HOSPITAL, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION (ECF Nos. 9; 11)**

On October 27, 2025, Janiah Gilbert filed a complaint against Defendant Henry Ford Hospital and four of its employees. ECF No. 1. Ten days later, this Court dismissed her complaint without prejudice for lack of subject-matter jurisdiction. ECF No. 6.

Since then, Gilbert has filed two motions for reconsideration: one on November 13, 2025, ECF No. 9, and one on December 2, 2025, ECF No. 11. In both, she argues that this Court erred by dismissing her case without prejudice because she has "substantial evidence supporting" her factual allegations against Defendants that the Court did not consider. ECF Nos. 9 at PageID.27; 11 at PageID.30. But, as explained below, no amount of evidence overcomes the fact that this Court lacks subject-matter jurisdiction over Gilbert's claims.

"Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich LR 7.1(h)(1). Under Civil Rule 59(e), a party may file a "motion to alter or amend a judgment" within 28 days after entry of judgment. FED. R. CIV. P. 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (internal quotation marks and citation omitted). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cnty., TN*, 402 F. App'x 107, 108 (6th Cir. 2010) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Similarly, under Civil Rule 60(b)(1), "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). In the Sixth Circuit, Civil Rule 60(b)(1) may apply either "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final

judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Judicial mistakes need not be "obvious" and include judicial errors of law. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

Gilbert does not say whether she is seeking reconsideration under Civil Rule 59(e) or 60(b). *See generally* ECF Nos. 9; 11. But under either standard, Gilbert is not entitled to reconsideration. Indeed, Gilbert's reconsideration motions appear to primarily take issue with the fact that this Court did not consider any of her testimony or evidence against Defendants. *See id.* It does not assert that this Court incorrectly concluded that it lacked jurisdiction over Gilbert's claims.[1] *See id.* And this Court has already "examine[d] the substance of Gilbert's complaint," and determined that no federal question or diversity jurisdiction existed. ECF No. 6 at PageID.18–19.

In this way, having considered Gilbert's arguments, this Court finds that there is not a clear error of law in the November 6, 2025 order, ECF No. 6, nor is there any newly discovered evidence or an intervening change in the controlling law that would provide this Court with subject-matter jurisdiction over Gilbert's claims. *See Moore*, 402 F. App'x at 108. Additionally, none of Gilbert's arguments in her

---

[1] Although both of Gilbert's motions state that this Court noted an issue with federal question jurisdiction, Gilbert herself does not allege that her allegations properly raise a federal question. *See* ECF Nos. 9 at PageID.27; 11 at PageID.30. Even construed most liberally, this reference would be a bare legal conclusion that this Court need not accept as true.

- 4 -

motions for reconsideration, ECF Nos. 9; 11, demonstrate an excusable mistake by Gilbert or a substantive mistake of law or fact by this Court. *See* FED. R. CIV. P. 60(b). Finally, Gilbert has not demonstrated that reconsideration is necessary to prevent manifest injustice. *See* FED. R. CIV. P. 59(e).

In sum, Gilbert has not shown that she is entitled to reconsideration, so her motions for reconsideration, ECF Nos. 9; 11, will be denied, and this Court's November 6, 2025, opinion and order, ECF No. 6, will not be altered.

Accordingly, it is **ORDERED** that Plaintiff's Motions for Reconsideration, ECF Nos. 9; 11, are **DENIED**.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 15, 2025